**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>         *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br>451 7th Street SW<br>Washington, DC 20410<br><br>         *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 18-512<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Housing and Urban Development under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

5.      Because Defendant denied American Oversight's administrative appeals of Defendant's initial fee waiver denials, American Oversight has exhausted its administrative remedies as to the requests for fee waivers subject to this action.

## PARTIES

6.      Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

7.      Defendant U.S. Department of Housing and Urban Development (HUD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HUD has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

8.      As described below, American Oversight filed five FOIA requests seeking documents that would shed light on matters of significant public concern regarding HUD's activities and operations: participation of members of HUD Secretary Ben Carson's family members—who are not themselves government employees—in official HUD business and the

effects of personal relationships between HUD staff and family members of Secretary Carson or

President Trump on official government activities.

*Candy Carson FOIA*

9.      On July 14, 2017, American Oversight submitted a FOIA request ("Candy Carson

FOIA") seeking:

> 1.   All records reflecting travel arrangements or travel expenses
>       requested, made, or incurred by or on behalf of Lacena (Candy)
>       Carson. Responsive records include, but are not limited to,
>       requests for travel arrangements to be made; confirmations of
>       travel bookings or other arrangements; requests for approval to
>       incur  travel  expenses;  records  reflecting  or  seeking
>       reimbursement from Mrs. Carson for travel expenses incurred
>       on her behalf; requests for agency reimbursement to Mrs. Carson
>       for travel expenses or for agency payment of travel expenses
>       incurred on her behalf; and evidence of actual payment or
>       reimbursement  of  travel  expenses,  such  as  payment
>       confirmations or receipts. For the purpose of this request, travel
>       arrangements and expenses include, but are not limited to,
>       arrangements or charges for hotels or similar accommodations;
>       airfare; use of government aircraft or other government
>       transportation; train tickets; taxis, rideshares, or other car
>       services; transit tickets or passes; per diem allowances; or
>       expenses for food, beverages, or incidentals during travel.
>
>       The search for responsive records should include all individuals
>       and locations where records are likely to exist, including the
>       Office of the Secretary and all HUD offices involved in making
>       travel  arrangements  or  receiving,  approving,  paying,
>       reimbursing, or auditing travel expenses.
>
> 2.   All communications regarding travel arrangements or expenses
>       between (a) Lacena (Candy) Carson or any person acting on her
>       behalf and (b) any employee in the Office of the Secretary or
>       any HUD office or other entity involved in making travel
>       arrangements or receiving, approving, paying, reimbursing, or
>       auditing travel expenses for HUD employees.
>
> 3.   All communications regarding travel arrangements or expenses
>       requested, made, or incurred by or on behalf of Lacena (Candy)
>       Carson between (a) any employee in the Office of the Secretary
>       and (b) any HUD office or other entity involved in making travel

arrangements or receiving, approving, paying, reimbursing, or auditing travel expenses for HUD employees.

4. All calendar entries reflecting Lacena (Candy) Carson attending or being invited to meetings. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.

5. Any agency materials provided to Lacena (Candy) Carson (whether draft or final), including, but not limited to, records provided to her via email, hyperlink, shared hard drive or digital folders, digital media, or hard copy. Documents distributed to invitees or attendees of any meeting to which Ms. Carson was invited or attended are responsive to this request.

6. Records sufficient to show the number of HUD email accounts and the number of HUD phone numbers associated with Lacena (Candy) Carson.

7. If Ms. Carson maintains an office at HUD, any agency records contained in that office. If Ms. Carson uses or has access to a desk at HUD (but not an office), any agency records on or in that desk. If Ms. Carson uses or has access to any HUD filing cabinets, any agency records contained in those filing cabinets.

   Please provide all responsive records from March 2, 2017, to the date the search is conducted.

8. HUD assigned the Candy Carson FOIA request the tracking number FI-HQ-17-01559.

9. American Oversight requested a fee waiver in connection with the Candy Carson FOIA request.

10. By letter dated September 19, 2017, HUD advised American Oversight of its determination that it had "failed to locate any documents that would be responsive to" the Candy Carson FOIA request.

11.     During October 2017, American Oversight staff and HUD staff communicated by email and telephone to clarify the scope of the search HUD conducted before sending the September 19, 2017 letter.

12.     On November 3, 2017, American Oversight timely appealed HUD's determination with regard to the Candy Carson FOIA request. A copy of the administrative appeal is attached hereto as Exhibit A and incorporated herein.

13.     By letter dated December 5, 2017, HUD granted American Oversight's appeal and remanded the Candy Carson FOIA request to HUD's FOIA Division. A copy of the letter granting American Oversight's administrative appeal is attached hereto as Exhibit B and incorporated herein.

14.     On January 25, 2018, HUD staff advised American Oversight by email that a search was being conducted in connection with the Candy Carson FOIA request, but American Oversight has not received a post-appeal determination regarding this request or records responsive to this request.

15.     American Oversight has received no further communication from HUD regarding the processing of its Candy Carson FOIA request.

*Carson Family Communications FOIA*

16.     On September 12, 2017, American Oversight filed a request ("Carson Family Communications FOIA") seeking:

> All records reflecting communications—including emails, meetings, calendar entries, phone calls, phone call logs, or text messages—between any person listed in Category A below and any person listed in Category B below:

| Category A | Category B |
|---|---|
| • Beth van Duyne<br>• John Gibbs<br>• Christopher Bourne<br>• Lynne Patton | • Secretary Ben Carson<br>• Lacena "Candy" Carson<br>• Ben "B.J." Carson |

Searches should include the individuals listed above both in to/from/cc/bcc fields of emails and calendar entries and in the body of those records. Emails forwarding otherwise responsive records to or from personal email accounts are responsive to this request. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.

Please provide all responsive records from March 2, 2017, to the date the search is conducted.

17.     On September 13, 2017, HUD assigned the Carson Family Communications FOIA the tracking number 17-FI-HQ-02079.

18.     American Oversight requested a fee waiver in connection with the Carson Family Communications FOIA request.

19.     On February 23, 2018, HUD staff advised American Oversight staff by phone and email that a search was being conducted with respect to the Carson Family Communications FOIA request.

20.     American Oversight has received no further communication from HUD regarding the processing of its Carson Family Communications FOIA request.

*Non-Government Communications FOIA*

21.     On September 12, 2017, American Oversight submitted a FOIA request ("non-Government Communications FOIA") seeking:

All emails sent or received (including carbon copies or blind carbon copies) by the individuals listed below and any individual using a non-government address (that is, an address ending in a domain extension other than .gov, such as .com, .edu, .net, .org).

- o  Beth van Duyne
- o  John Gibbs
- o  Christopher Bourne
- o  Lynne Patton

Emails to or from a personal email address, including emails forwarding otherwise responsive records, are responsive to this request.

Please provide all responsive records from January 20, 2017, to the date the search is conducted.

22.     HUD assigned the Non-Government Communications FOIA request the tracking number 17-FI-HQ-02081.

23.     American Oversight requested a fee waiver in connection with the Non-Government Communications FOIA request. By letter dated September 14, 2017, HUD denied American Oversight's request for a fee waiver.

24.     On November 2, 2017, American Oversight timely appealed HUD's denial of its request for a fee waiver. HUD assigned this appeal the tracking number 18-A-C-00007. A copy of the administrative appeal is attached hereto as Exhibit C and incorporated herein.

25.     By letter dated December 4, 2017, HUD denied American Oversight's fee waiver appeal in connection with the Non-Government Communications FOIA request. A copy of the denial letter is attached hereto as Exhibit D and incorporated herein.

26.     On January 25, 2018, HUD staff advised American Oversight that HUD was conducting a search for records in connection with the Non-Government Communications FOIA request.

27.     American Oversight has received no further communication from HUD regarding

the processing of its Non-Government Communications FOIA request.

*EOP Communications FOIA*

28.     On September 12, 2017, American Oversight submitted a FOIA request ("EOP

Communications FOIA") seeking:

> 1.  All emails sent or received (including carbon copies or blind
>     carbon copies) between any of the individuals listed below and
>     anyone from the Executive Office of the President (including
>     anyone using an <u>eop.gov</u> email address). Emails forwarding
>     otherwise responsive records to or from a personal email
>     account are responsive to this request.
>
>     - o  Beth van Duyne
>     - o  John Gibbs
>     - o  Christopher Bourne
>     - o  Lynne Patton
>
> 2.  All calendar entries for the individuals listed below that also
>     include any individual from the Executive Office of the
>     President (including anyone using an <u>eop.gov</u> email address) as
>     an invitee or participant.  For calendar entries created in Outlook
>     or similar programs, the documents should be produced in
>     "memo" form to include all invitees, any notes, and all
>     attachments. Please do not limit your search to Outlook
>     calendars—we request the production of any calendar—paper or
>     electronic, whether on government-issued or personal devices—
>     used to track or coordinate how these individuals allocate their
>     time on agency business.
>     1.  Beth van Duyne
>     2.  John Gibbs
>     3.  Christopher Bourne
>     4.  Lynne Patton
>
> Please provide all responsive records from January 20, 2017, to
> the date the search is conducted.

29.     HUD assigned the EOP Communications FOIA request the tracking number 17-

FI-HQ-02082.

30.     American Oversight requested a fee waiver in connection with the EOP

Communications FOIA request. By letter dated September 14, 2017, HUD denied American

Oversight's request for a fee waiver.

31.     On November 2, 2017, American Oversight timely appealed HUD's denial of its

request for a fee waiver. HUD assigned this appeal the tracking number 18-A-C-00006. A copy

of the administrative appeal is attached hereto as Exhibit E and incorporated herein.

32.     By letter dated December 4, 2017, HUD denied American Oversight's fee waiver

appeal in connection with the EOP Communications FOIA request. A copy of the denial letter is

attached hereto as Exhibit F and incorporated herein.

33.     On January 25, 2018, HUD staff advised American Oversight that HUD was

conducting a search for records in connection with the EOP Communications FOIA request.

34.     American Oversight has received no further communication from HUD regarding

the processing of its EOP Communications FOIA request.

*Patton/Trump Family Communications FOIA*

35.     On September 12, 2017, American Oversight submitted a FOIA request

("Patton/Trump Family Communications FOIA") seeking:

> All records reflecting communications—including emails,
> meetings, calendar entries, phone calls, phone call logs, or text
> messages—between Lynne Patton, Regional Administrator for
> Region II, and any of the following:
>
> o   President Trump
> o   Ivanka Trump (Kushner)
> o   Jared Kushner
> o   Donald Trump, Jr.
> o   Vanessa (Haydon) Trump
> o   Eric Trump
> o   Lara (Yanuska) Trump
> o   Tiffany Trump

     o  Anyone employed by or representing the Trump Organization, the Donald J. Trump Foundation, the Eric Trump Foundation, or the Seryl and Charles Kushner Charitable Foundation

     o  Anyone using email addresses from the following domains:

- @trump.com
- @trumporg.com
- @trumpgolf.com
- @trumpinternationalrealty.com
- @trumpwinery.com
- @trumphotels.com
- @donaldjtrump.com
- @ivankatrump.com
- @jkfamily.com

Searches should include the individuals listed above both in to/from/cc/bcc fields of emails and calendar entries and in the body of those records. Emails forwarding otherwise responsive records to or from a personal email account are responsive to this request. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.

Please provide all responsive records from June 1, 2017, to the date the search is conducted.

36.     HUD assigned the Patton/Trump Family Communications FOIA request the tracking number 17-FI-HQ-02083.

37.     American Oversight requested a fee waiver in connection with the Patton/Trump Family Communications FOIA request.

38.     On October 2, 2017, HUD staff advised American Oversight that a data pull for the Patton/Trump Family Communications FOIA request would not occur until February 2018.

39.     American Oversight has received no further communication from HUD regarding the processing of its Patton/Trump Family Communications FOIA request.

*Entitlement to Waiver of Fees*

40.     American Oversight sought a waiver of fees associated with processing its FOIA requests pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 24 C.F.R. § 15.106.

41.     Disclosure of the information requested by American Oversight in its FOIA requests is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

42.     Disclosure of the information requested by American Oversight in its FOIA requests is not in American Oversight's commercial interest.

*Exhaustion of Administrative Remedies*

43.     Through HUD's refusal to grant American Oversight's administrative appeal of HUD's initial fee waiver denials with respect to American Oversight's Non-Government Communications and EOP Communications FOIA requests, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

44.     Although HUD provided American Oversight with an initial determination in connection with American Oversight's Candy Carson FOIA request by its letter dated September 19, 2017, HUD granted American Oversight's timely appeal of that determination and remanded the request to HUD's FOIA office. HUD has not made a further determination with regard to the Candy Carson FOIA request.

45.     As of the date of this Complaint, HUD has failed to (a) notify American Oversight of a final determination regarding any of the FOIA requests, including the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or

(b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

46.     Through HUD's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver Request in the Non-Government**
**Communications and EOP Communications FOIA Requests**

47.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48.     HUD is an agency subject to FOIA and must waive or reduce fees for processing FOIA requests pursuant to the requirements of 5 U.S.C. § 552(a)(4)(A)(iii) and 24 C.F.R. § 15.106(k).

49.     Disclosure of the information sought in American Oversight's Non-Government Communications and EOP Communications FOIA requests is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

50.     In the Non-Government Communications and EOP Communications FOIA requests and in the related administrative appeals, American Oversight demonstrated that disclosure of the information sought therein is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

51.     American Oversight has no commercial interest in disclosure of the information requested in its Non-Government Communications and EOP Communications FOIA requests.

52.     In the Non-Government Communications and EOP Communications FOIA requests and in the related administrative appeals, American Oversight demonstrated that it has no commercial interest in disclosure of the information requested therein.

53.     HUD wrongfully denied American Oversight's request for a waiver of fees associated with processing the Non-Government Communications and EOP Communications FOIA requests.

54.     HUD's failure to grant American Oversight's request for a waiver of fees associated with processing the Non-Government Communications and EOP Communications FOIA requests violated FOIA and HUD regulations.

55.     Additionally, because HUD failed to comply with the time limit provisions of 5 U.S.C. 552(a)(6)(A)(i), HUD cannot assess search fees against American Oversight pursuant to 5 U.S.C. 552(a)(4)(viii)(I).

56.     Plaintiff American Oversight therefore is entitled to injunctive and declaratory relief granting it a fee waiver for the Non-Government Communications and EOP Communications FOIA requests and enjoining HUD from assessing any search fees against American Oversight for the processing of its FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records
### Responsive to its FOIA Requests

57.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

58.     American Oversight properly requested records within the possession, custody, and control of HUD.

59.     HUD is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

60.     HUD has failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

61.     HUD's failure to conduct an adequate search for responsive records violates FOIA.

62.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring HUD to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**
**Responsive to its FOIA Requests**

63.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

64.     American Oversight properly requested records within the possession, custody, and control of HUD.

65.     HUD is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

66.     HUD is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

67.     HUD is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

68.     HUD's failure to provide all non-exempt responsive records violates FOIA.

69.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring HUD to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Declare that plaintiff American Oversight is entitled to a full fee waiver for the Non-Government Communications and EOP Communications FOIA requests.

(2) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's Candy Carson, Carson Family Communications, Non-Government Communications, EOP Communications, and Patton/Trump Family Communications FOIA requests;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

15

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 6, 2018                    Respectfully submitted,

                                        */s/ Elizabeth France*
                                        Elizabeth France
                                        D.C. Bar No. 999851

                                        */s/ John E. Bies*
                                        John E. Bies
                                        D.C. Bar No. 483730

                                        AMERICAN OVERSIGHT
                                        1030 15th Street NW, B255
                                        Washington, DC 20005
                                        (202) 869-5246
                                        beth.france@americanoversight.org
                                        john.bies@americanoversight.org
                                        *Counsel for Plaintiff*